IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

ALIANCE MANAGEMENT COMPANY, LLC *
825 Northgate Boulevard
Suite 203 *
New Albany, IN 47150,
*
Plaintiff,
* Case No.:
v.
*
ARTECH DESIGN GROUP, INC.
1410 Cowart Street *
Chattanooga, TN 37408
*
SERVE: J. David Hudson,
Registered Agent *
1410 Cowart Street
Chattanooga, TN 37408, *

Defendant. *

* * * * * * * * * * * * *

## COMPLAINT

Plaintiff, Aliance Management Company, LLC ("Aliance"), by its attorneys, Adam C. Harrison, Jeffrey S. Rosenfeld, and Harrison Law Group, sues Defendant, Artech Design Group, Inc. ("Artech"), and for its reasons and causes of action, says:

## PARTIES

1. Plaintiff, Aliance, is a limited liability company organized and existing under the laws of the State of Indiana with its principal place of business in New Albany, Indiana. Aliance is registered as a foreign corporation with the Maryland Department of Assessments and Taxation.

2. Upon information and belief, Defendant, Artech, is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Chattanooga, Tennessee.

## JURISDICTION AND VENUE

3. Personal jurisdiction over Artech exists in Maryland pursuant to MD. CODE ANN. [CTS. & JUD. PROC.] § 6-103, as Artech purposefully availed itself of the laws of the State of Maryland by transacting business and performing architectural services within the State of Maryland.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), by virtue of i) complete diversity of citizenship between the parties, and ii) the amount in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars and No Cents ($75,000.00).

5. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(b)(2), because a substantial part of the events giving rise to this cause of action arose in the State of Maryland.

## FACTS

6. Aliance is the owner of real property (the "Property") located in Brandywine, Maryland.

7. Upon information and belief, Artech is an architectural firm that performs architectural services throughout the United States. Upon further information and belief, Artech's principal, James David Hudson, maintains an active architect's license with the Maryland Department of Labor, Licensing and Regulation. Upon further information and belief, Artech had provided design services in connection with the construction of more than 100 movie theaters located throughout the United States.

8. On February 1, 2012, Aliance and Artech entered into a "Standard Form of Agreement Between Owner and Architect" (the "Contract"), pursuant to which Artech agreed to serve as the architect for a project commonly referred to as "Xscape Theatres" (the "Project"), consisting of a 14-screen, 55,591 square foot movie theater constructed on the Property. A copy of the Contract is attached hereto and is incorporated by reference herein as **Exhibit "A"**.

9. Pursuant to the Contract, Artech agreed to, among other things:

a) perform its services consistent with the professional skill and care ordinarily provided by architects practicing in the same or similar locality under the same or similar circumstances;

b) perform its services as expeditiously as is consistent with such professional skill and care and the orderly progress of the Project;

c) manage Artech's services, consult with Aliance, research applicable design criteria, attend Project meetings, communicate with members of the Project team and report progress to Aliance;

d) coordinate its services with those services provided by Aliance and Aliance's consultants;

e) provide prompt written notice to Aliance if Artech becomes aware of any error, omission or inconsistency in such services or information;

f) contact the governmental authorities required to approve the construction documents;

g) respond to applicable design requirements imposed by such governmental authorities;

h) assist Aliance in connection with Aliance's responsibility for filing documents required for the approval of governmental authorities over the Project;

i) review laws, codes and regulations applicable to Artech's services;

j) prepare construction documents that consist of drawings and specifications setting forth in detail the quality levels of materials and systems and other requirements for the construction of the Project;

k) incorporate into the construction documents the design requirements of governmental authorities having jurisdiction over the Project;

l) provide administration of the contract between Aliance and the prime contractor (the "Contractor");

m) advise and consult with Aliance during the construction of the Project;

n) visit the site at intervals appropriate to the stage of construction to become generally familiar with the progress and quality of the portion of the construction completed and to determine if the work observed is being performed in such a manner that the work, when fully completed, will be in accordance with the contract documents;

o) keep Aliance reasonably informed about the progress and quality of the work completed and report to Aliance known deviations from the contract documents and from the most recent construction schedule and defects and deficiencies observed in the construction;

p) reject work that does not conform to the contract documents and, when necessary or advisable, require inspection or testing of the work in accordance with the provisions of the contract documents;

q) interpret and decide matters concerning performance under, and requirements of, the contract documents;

r) review and certify the amounts due the Contractor and issue certificates in such amounts, which shall constitute a representation to Aliance that Artech believes that the work has progressed to the point indicated and the quality of the work is in accordance with the contract documents;

s) maintain a record of the applications and certificates for payment;

t) review and approve or take other appropriate action upon the Contractor's submittals such as shop drawings, product data and samples;

u) prepare change orders and construction change directives for Aliance's approval and execution and maintain records relative to changes in the work;

v) conduct inspections to determine the date or dates of substantial completion and the date of final completion;

w) receive from the Contractor and forward to Aliance, for Aliance's review and records, written warranties and related documents required by the contract documents and assembled by the Contractor;

x) issue a final certificate for payment based upon a final inspection indicating the work complies with the requirements of the contract documents;

y) conduct inspections to check conformance of the work with the requirements of the contract documents and to verify the accuracy and completeness of the list submitted by the Contractor of work to be completed or corrected; and

z) inform Aliance about the balance of the contract sum remaining to be paid to the Contractor at the time the work is substantially complete, including the amount to be retained from the contract sum, if any, for final completion or correction of the work.

<u>See</u> <u>Exhibit "A"</u>.

10. Moreover, as the architect for the Project, Artech owed certain tort duties to Aliance including, but not limited to, the following duties of care:

a) to properly and safely exercise reasonable care in the design of the Project;

b) to oversee the construction of the Project;

c) to inspect the construction performed by the Contractor at the Project;

d) to approve the work at the Project and determine whether it complied with the contract documents;

e) to oversee and approve the billings and change orders submitted by the Contractor to Aliance;

f) to warn Aliance of all defects and/or dangers inherent in the design and construction of the Project; and

g) to adhere to all standards of care prescribed by statutes, rules, regulations, ordinances, codes, specifications and industry standards applicable to the construction and design of the Project.

11. During the course of the design and construction of the Project, Artech breached both its contractual and tort duties it owed to Aliance and failed to discharge these duties and to exercise ordinary skill and diligence in accordance with accepted industry standards in the design of the Project and/or in the construction administration of the Project, in a number of ways including, but not limited to, the following:

a) failing to design the Project in such a manner that would enable the Project to be used in the manner in which it was intended including, but not limited to, its failure to ensure that Aliance's patrons would enjoy reasonable sight lines to the projection screens without unreasonable obstructions;

b) failing to perform its services consistent with the professional skill and care ordinarily provided by architects practicing in the same or similar locality under the same or similar circumstances;

c) failing to perform its services as expeditiously as is consistent with such professional skill and care and the orderly progress of the Project;

d) failing to research applicable design criteria, communicate with members of the Project team and appropriately report the progress of construction to Aliance;

e) failing to provide Aliance with prompt written notice of errors, omissions and/or inconsistencies in Artech's services;

f) failing to obtain the necessary permits, properly communicate with the governmental authorities having jurisdiction over the Project, respond to applicable design requirements imposed by such governmental authorities and incorporate into the construction documents the design requirements of such governmental authorities;

g) failing to review laws, codes and regulations applicable to Artech's services;

h) failing to keep Aliance reasonably informed about the progress and quality of the work completed and report to Aliance known deviations from the contract documents and from the most recent construction schedule and defects and deficiencies observed in the construction;

i) failing to reject work that did not conform with the contract documents;

j) failing to review and evaluate applications for payment and accurately certify the amounts due the Contractor;

k) preparing erroneous and improper certifications of various applications for payment;

l) failing to obtain the appropriate cost detail to enable Artech to adequately review the Contractor's change orders on behalf of Aliance;

m) failing to maintain a record of the applications and certificates for payment;

n) failing to review and approve submittals prepared by or on behalf of the Contractor;

o) failing to review and respond to requests for information about the contract documents;

p) failing to conduct inspections to determine the date or dates of substantial completion and the date of final completion;

q) failing to receive from the Contractor and forward to Aliance, for Aliance's review and records, written warranties and related documents required by the contract documents and assembled by the Contractor;

r) failing to issue a final certificate for payment based upon a final inspection indicating the work complies with the requirements of the contract documents;

s) failing to conduct inspections to check conformance of the work with the requirements of the contract documents and to verify the accuracy and completeness of the punch list submitted by the Contractor of work to be completed or corrected;

t) failing to allow the Contractor to commence and perform its work to achieve substantial completion in accordance with the contract documents;

u) engaging in activities that appear to have compromised Artech's professional judgment with respect to the Project; and

v) failing to visit the site at intervals appropriate to the stage of construction to become generally familiar with the progress and quality of work completed, and to determine if the work observed was being performed in accordance with the contract documents.

12. As a direct and proximate result of the aforementioned breaches by Artech of its contractual and tort duties, Aliance has incurred damages and will continue to incur damages in the future with respect to the increased costs of construction of the Project and the substantial repairs that are necessary to address Artech's design defects and other breaches. The aforementioned damages total approximately Two Million Five Hundred Thousand Dollars and No Cents ($2,500,000.00).

13. Demands to cure its deficiencies were made upon Artech but, to date, no response has been received by Aliance.

**COUNT I**
(Breach of Contract)

14. Aliance adopts and incorporates by reference herein its averments contained in Paragraphs One (1) through Thirteen (13) as set forth above.

15. Pursuant to the Contract, Artech agreed to perform design and construction administration services with respect to the Project. As set forth in greater detail above, under the terms of the Contract, Artech assumed certain contractual duties to Aliance with respect to the design and construction administration of the Project.

16. As set forth in greater detail above, Artech materially breached its contractual duties to Aliance with respect to the design and construction administration of the Project.

17. As a direct and proximate result of Artech's material breaches of its contractual duties, Aliance has incurred damages and will continue to incur damages in the future in the approximate amount of Two Million Five Hundred Thousand Dollars and No Cents ($2,500,000.00).

**WHEREFORE**, Plaintiff, Aliance Management Company, LLC, demands judgment against Defendant, Artech Design Group, Inc., in the amount of Two Million Five Hundred Thousand Dollars and No Cents ($2,500,000.00), or an amount to be proven at trial, plus pre-judgment interest, post judgment interest, reasonable attorneys' fees, Court costs, and such other relief as the Court deems just.

**COUNT II**
(Negligence)

18. Aliance adopts and incorporates by reference herein its averments contained in Paragraphs One (1) through Thirteen (13) as set forth above.

19. As set forth in greater detail above, Artech, as the architect responsible for the design and construction administration of the Project, owed certain tort duties to Aliance with respect to the design and construction of the Project.

20. As set forth in greater detail above, Artech breached the aforementioned duties and failed to exercise ordinary skill in accordance with accepted industry standards in the design and construction administration of the Project.

21. As a direct and proximate result of Artech's breaches of the aforementioned duties, Aliance has incurred damages and will continue to incur damages in the future in the approximate amount of Two Million Five Hundred Thousand Dollars and No Cents ($2,500,000.00).

**WHEREFORE**, Plaintiff, Aliance Management Company, LLC, demands judgment against Defendant, Artech Design Group, Inc., in the amount of Two Million Five Hundred Thousand Dollars and No Cents ($2,500,000.00), or an amount to be proven at trial, plus pre-judgment interest, post judgment interest, reasonable attorneys' fees, Court costs, and such other relief as the Court deems just.

Respectfully submitted,

Adam C. Harrison /s/ A

ADAM C. HARRISON (#09416)

JEFFREY S. ROSENFELD (# 25884)

HARRISON LAW GROUP
40 West Chesapeake Avenue
Suite 600
Towson, Maryland 21204
Tel: (410) 832-0000
Fax: (410) 832-9929
aharrison@harrisonlawgroup.com
jrosenfeld@harrisonlawgroup.com

Counsel for Plaintiff,
Aliance Management Company, LLC

Of Counsel:

H. Edwin Bornstein
Bornstein & Bornstein, P.S.C.
4018 Bishop Lane
Louisville, KY 40218
Tel: (502) 515-2889
Fax: (502) 969-5117
heblaw@aol.com